# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GEORGE T. DUGAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-176-SPS |
| | ) | |
| AMTEX SECURITY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| ROGER LANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-201-SPS |
| | ) | |
| AMTEX SECURITY, INC., et al., | ) | Consolidated with Case No. |
| | ) | CIV-11-176 for Pre-Trial Purposes |
| Defendants. | ) | |

## OPINION AND ORDER GRANTING MOTIONS TO DISMISS BY DEFENDANT INTERNATIONAL UNION SECURITY, POLICE AND FIRE PROFESSIONALS OF AMERICA, LOCAL NO. 796

This matter comes before the Court on Defendant International Union Security, Police and Fire Professionals of America, Local Union No. 796's ("Union") Motions to Dismiss in Cases No. CIV-11-176, *Dugan, et al. v. Amtex Security Inc., et al.* ("*Dugan*") [Docket No. 9] and No. CIV-11-201, *Lane v. Amtex Security Inc., et al.* ("*Lane*") [Docket No. 11]. These cases have been consolidated for pre-trial purposes and the Motions to Dismiss raise the same issues, so the Court will address both pending motions in this Order. Defendant Union challenges the Plaintiffs' Petitions [CIV-11-176, Docket No. 2, Ex. 3; CIV-11-201, Docket No. 2, Ex. 3] pursuant to Fed. R. Civ. P. 12(b)(6), for failing

to state a claim upon which relief may be granted. For the reasons set forth below, the Defendant's Motions to Dismiss are hereby GRANTED.

In both cases, Plaintiffs filed suit in Oklahoma state court, alleging breach of contract claims against Defendant Union, and wrongful discharge claims against Defendant Amtex Security, Inc ("Amtex"). Defendants removed both cases to this Court, and the Union has filed these pending Motions to Dismiss. As an initial matter, all plaintiffs concede that any state law breach-of-contract claim is preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. *See Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 529 (10th Cir. 1992) ("Under the LMRA, 'if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement' the state-law claim is preempted.") [citations omitted]. The issue, therefore, is whether Plaintiffs have stated a section 301 breach-of-contract claim against Defendant Union.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. . . . To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, *quoting Twombly*, 550 U.S. at 555, 556, 557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950.

In both cases, Plaintiffs are former security guards who had worked for Defendant Amtex but were fired after failing a physical agility regulation requiring them to run 1.5 miles in 17.5 minutes or less. Plaintiffs allege that the new regulation "grandfathered" in an exception allowing guards over fifty years old to walk a mile in twenty minutes or less, but that they were not allowed the benefit of this exception and were fired when they could not meet the new requirement. In *Dugan*, Plaintiffs specifically alleged that the Union "breached the agreement it made with [them] by not acting in good faith and dealing fairly with them in that Defendant Union did not advocate for [them] nor did it demand that the exceptions of Army Regulation 190-56 previously granted be honored and enforced or that Defendant Amtex waive the new requirements of Army Regulation 190-56. . . ." Case No. CIV-11-176-SPS, Docket No. 2, Ex. 3 ¶ 58. They further alleged that the Union told them "there was nothing [it] could do," when they complained of Amtex's hiring/firing practices. *Id.* at ¶ 47. In *Lane*, Plaintiff alleged that the Union "failed to act in good faith and deal fairly with Plaintiff by failing to advocate for Plaintiff relating to the physical training test, including demanding that previously granted exceptions be honored or new requirements be waived as allowed by Regulation 190-56."

Case No. CIV-11-201-SPS, Docket No. 2, Ex. 3 at ¶ 23, 25.

To state a claim for relief under section 301, a discharged worker must—whether suing the union, the employer, or both—prove "(1) [s]ome conduct by the worker's union that breached the duty of fair representation; (2) [a] causal connection showing that the union's breach affected the integrity of the arbitration process, and; (3) [a] violation of the collective bargaining agreement by the company." *Webb v. ABF Freight System, Inc.*, 155 F.3d 1230, 1239 (10th Cir. 1998), *citing Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 568 (1976). "[A] union breaches its duty [of fair representation] when its conduct is 'arbitrary, discriminatory, or in bad faith,' as, for example, when it 'arbitrarily ignore[s] a meritorious grievance or process[es] it in [a] perfunctory fashion.'" *International Brotherhood of Elec. Workers v. Foust*, 442 U.S. 42, 47 (1979), *citing Vaca v. Sipes*, 386 U.S. 171, 190-91 (1967). "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be irrational." *Air Line Pilots Association, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) [internal citation omitted]. Additionally, "[b]ad faith requires a showing of fraud, deceitful action or dishonest action. . . . Simply showing that the Union did not represent them as vigorously as it could have does not establish a section 301 violation." *Mock*, 971 F.2d at 531.

The *Dugan* plaintiffs argue that they sufficiently alleged a section 301 claim because their complaint states that the Union "failed to advocate for Plaintiff's contractual rights and told Plaintiffs that it could take no action" to help them. *Id.* at ¶ 42. Lane likewise asserts that he has sufficiently alleged dishonesty and arbitrary action. A

--4--

careful reading of the complaints, however, reveals that Plaintiffs only alleged false representation by Defendant Amtex. Further, Plaintiffs' conclusory allegations that Defendant Union failed to act in good faith are insufficient. Plaintiffs' Petitions in both cases therefore lack sufficient factual allegations to "[nudge their] claims . . . across the line from conceivable to plausible[,]" *Iqbal*, 129 S. Ct. at 1951 [citation and internal quotations omitted], and those claims must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Consequently, IT IS ORDERED that the Defendant International Union Security, Police and Fire Professionals of America, Local Union No. 796's Motions to Dismiss [CIV-11-176-SPS, Docket No. 9; CIV-11-201-SPS, Docket No. 11] are hereby GRANTED, and the Plaintiffs' Petitions as to Defendant Union are hereby DISMISSED. The Plaintiffs shall have fourteen days to amend their complaints to plead plausible claims under section 301.

**IT IS SO ORDERED** this 23rd day of August, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma